1  Ronald L. Richman, SBN 139189
   Susan J. Olson, SBN 152467
2  Bullivant Houser Bailey PC
   601 California Street, Suite 1800
3  San Francisco, California 94108
   Telephone: 415.352.2700
4  Facsimile: 415.352.2701
   E-Mail: ron.richman@bullivant.com
5  E-Mail: susan.olson@bullivant.com

6  Attorneys for Plaintiffs
   Cement Masons Trust Funds
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10 BOARD OF TRUSTEES OF THE CEMENT        Case No.:
   MASONS HEALTH AND WELFARE TRUST
11 FUND FOR NORTHERN CALIFORNIA;          **COMPLAINT FOR DAMAGES FOR**
   BOARD OF TRUSTEES OF THE CEMENT        **BREACH OF COLLECTIVE**
12 MASONS VACATION-HOLIDAY TRUST          **BARGAINING AGREEMENT, TO**
   FUND FOR NORTHERN CALIFORNIA;          **RECOVER UNPAID TRUST FUND**
13 BOARD OF TRUSTEES OF THE CEMENT        **CONTRIBUTIONS AND FOR BREACH**
   MASONS PENSION TRUST FUND FOR          **OF FIDUCIARY DUTY**
14 NORTHERN CALIFORNIA; and BOARD OF
   TRUSTEES OF THE CEMENT MASONS
15 TRAINING TRUST FUND FOR NORTHERN       **[29 U.S.C. § 185(a) and 29 U.S.C. §§ 1109,**
   CALIFORNIA,                            **1132(g)(2), 1145]**
16
                Plaintiffs,
17
        v.
18
   K. M. JACKSON ENGINEERING, INC., a
19 California corporation and KURT THOMAS
   McFADDEN, an individual,
20
                Defendants.
21

22

23      Now come the Plaintiffs, hereinabove named, and for their causes of action against

24 Defendants, and each of them, allege as follows:

25                   **I. JURISDICTION AND VENUE**

26      1.      This is an action for damages for breach of the collective bargaining agreement

27 described below, for recovery of unpaid trust fund contributions and for breach of fiduciary

28 duty. This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C.

§ 185 (§ 301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C.
§§ 1132(a)(3) and 1132(e)(1) (§§ 502(a)(3) and 502(e)(1) of the Employee Retirement Income
Security Act of 1974, as amended) ("ERISA").  The suit arises from the defendants' failure to
make trust fund contributions.

2.    Venue of the within action is properly laid in the U.S. District Court for the
Northern District of California in that, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2),
contributions are made to, and benefits are paid from, a corporate co-trustee bank in the
Northern District of California.

## II. PARTIES

3.    The Cement Masons Trust Fund for Northern California, Cement Masons
Vacation-Holiday Trust Fund for Northern California, Cement Masons Pension Trust Fund for
Northern California, and Cement Masons Training Trust Fund for Northern California are the
Plaintiffs herein.  The Cement Masons Trust Fund for Northern California, Cement Masons
Vacation-Holiday Trust Fund for Northern California, Cement Masons Pension Trust Fund for
Northern California, and Cement Masons Training Trust Fund for Northern California ("the
Trust Funds") are trust funds organized under and pursuant to the provisions of §§ 302(c)(5) and
302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 186(c)(5)
and 186(c)(6).  The Trust Funds were established through collective bargaining agreements
between the District Council of Plasters and Cement Masons of Northern California and
employer associations representing construction industry employers doing business in Northern
California.  The Trust Funds are employee benefit plans created by written trust agreements
subject to and pursuant to §§ 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).  The
Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the trust funds.

4.    Each of the Trust Funds is a third party beneficiary of the collective bargaining
agreement described below.

5.    At all times mentioned herein, each of the Trust Funds was an express trust
created by a written trust agreement subject to and pursuant to § 302 of the Labor Management

COMPLAINT FOR DAMAGES

1  Relations Act, 29 U.S.C.§ 186, and a multi-employer benefit plan within the meaning of

2  sections 3 and 4 of ERISA, 29 U.S.C. §§ 1002, 1003.

3        6.     The Trust Funds provide a variety of benefits for cement masons, retired cement

4  masons and other related covered employees on whose behalf contributions are made pursuant

5  to collective bargaining agreements.  The duties of the Board of Trustees of the Trust Funds

6  include ensuring that employers who are signatories to said collective bargaining agreements

7  comply with the terms of those agreements with respect to payments and contributions to the

8  Trust Funds.

9        7.     Plaintiffs are informed and believe, and upon that ground allege, that at all times

10  material hereto, defendant K. M. Jackson Engineering, Inc. ("KM Jackson") is and was a

11  California corporation with its principal place of business located in Stockton, California.

12  Plaintiffs are further informed and believe, and upon that ground allege, that KM Jackson is and

13  has been an employer within the meaning of Section 3(5) and Section 515 of ERISA, 29 U.S.C.

14  §§ 1002(5), 1145 and an employer in an industry affecting commerce within the meaning of

15  Section 301 of the LMRA, 29 U.S.C. § 185.  Plaintiffs are informed and believe, and upon that

16  ground allege, that at all relevant times, defendant Kurt Thomas McFadden ("McFadden") was

17  an individual who operated and controlled KM Jackson and that McFadden acted directly or

18  indirectly in the interest of KM Jackson with respect to the plaintiff employee benefit plans, and

19  that, at all relevant times, defendant McFadden was an employer within the meaning of Section

20  3(5) and Section 515 of ERISA, 29 U.S.C. §§ 1002(5), 1145.  Plaintiffs are informed and

21  believe, and on that ground allege, that at all relevant times defendants constituted a single

22  employer.

23                   **III.**    **FIRST CLAIM FOR RELIEF**

24               **(Breach of Collective Bargaining Agreement)**

25        8.     Plaintiffs reallege and incorporate by reference, as though fully set forth, the

26  allegations contained in paragraphs 1-7 of this Complaint.

27        9.     By virtue of its membership in the Construction Employer's Association

28  ("CEA"), defendants became bound to a written collective bargaining agreement with the

District Council of Plasterers and Cement Masons of Northern California ("the Union") entitled the Master Labor Agreement between Associated General Contractors of California, Inc. and District Council of Plasterers and Cement Masons of Northern California ("Master Agreement"). In agreeing to be bound to the Master Agreement, defendants further agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the trust funds. Pursuant to the provisions of the Master Agreement, defendants agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Laborers' Union.

10.    By virtue of the Master Agreement and written trust agreements, defendants promised and agreed that:  (1) they would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, they would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150.00 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against them, defendants would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

11.    The Master Agreement between the Union and defendants has never been terminated.

12.    Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Master Agreement and trust agreements.

/ / /
/ / /
/ / /
/ / /

1    13.    Within four years last past, defendants materially breached and broke the

2    aforesaid Master Agreement and trust agreements in the following respects:

3        a.    by failing to report and pay all employee fringe benefit contributions

4            (not reported, not paid) into each Trust Fund for the period June 2004,

5            in the principal amount of $1,970.64;

6        b.    by failing to pay interest and liquidated damages on the unpaid and

7            delinquent employee fringe benefit contributions;

8        c.    by failing to pay liquidated damages and interest on employee fringe

9            benefit contributions that were paid, but paid late, on Account No.

10           03589-07 for the period August, September, October and December

11           2005 in the amount of $76.93 as of May 25, 2008; and

12       d.    by failing to pay liquidated damages and interest on employee fringe

13           benefit contributions that were paid, but paid late, on Account No.

14           03589-00 for the period October, 2004, February, March, May, June –

15           December, 2005, January, February, March, June, July and August,

16           2006 in the amount of $5,444.94 as of May 25, 2008.

17   14.    The aforesaid material breaches proximately caused damages to plaintiffs in the

18   following approximate amounts, all according to proof at trial: (a) for unpaid contributions (not

19   reported, not paid) in the principal amount of $1,970.64 plus interest and liquidated damages in

20   the sum of $1,509.74 as of May 25, 2008; and (b) liquidated damages and interest on

21   contributions paid, but paid late, in the amount of $76.93 for Account No. 03589-07 and

22   $5,444.94 for Account No. 03589-00 as of May 25, 2008. Interest will continue to accrue at the

23   rate of 1.5% each month during the pendency of this lawsuit.

24   15.    Plaintiffs have incurred and will continue to incur attorneys' fees in the within

25   action.  Pursuant to the provisions of the Master Agreement and the trust agreements, Plaintiffs

26   request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of

27   the within action.

28       WHEREFORE, plaintiffs pray for judgment as set forth below.

## IV. SECOND CLAIM FOR RELIEF

### (Recovery of Unpaid Trust Fund Contributions)

### (ERISA §§ 502(g)(2), 515)

16.     Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-15 of this Complaint.

17.     ERISA Section 515, 29 U.S.C. §1145, requires defendants to make such contributions to the plaintiff Trust Funds as are required under the terms of their collective bargaining agreement with the Union.  Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce defendants' obligations to make those contributions.

18.     Plaintiffs are informed and believe, and on that ground allege, that defendants: (a) failed to report and pay all employee fringe benefit contributions into each Trust Fund for the period June 2004, in the approximate principal amount of $1,970.64, according to proof at trial. Defendants are further obligated by the provisions of the Master Agreement and the trust agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150.00 for each month that defendants failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

19.     Pursuant to the provisions of ERISA, Section 502(g)(2), 29 U.S.C. §1132(g)(2), plaintiffs are entitled to the following statutory relief:

(a) Section 502(g)(2)(A): for contributions not reported and not paid, an award of the unpaid fringe benefit contributions in the approximate principal amount of $1,970.64, according to proof at trial;

(b) Section 502(g)(2)(B): for contributions not reported and not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, calculated to be $1,359.74 as of May 25, 2008;

(c) Section (g)(2)(C): the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment or

liquidated damages; or (ii) liquidated damages under the Master Agreement and trust agreements of $150.00 for each month that defendants failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, calculated to be: $1,359.74 as of May 25, 2008 for contributions not reported and not paid.

20.     Plaintiffs have incurred and will continue to incur attorneys' fees in the within action.  Pursuant to the provisions of §502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## V.  THIRD CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

### (ERISA §§ 409(a) and 502(a)(2))

21.     Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-20 of this Complaint.

22.     Pursuant to the trust agreements establishing the Trust Funds, the funds' assets include employee fringe benefits contributions that are required to be made to the Trust Funds. Employee fringe benefit contributions that are due and become delinquent are therefore assets of the Trust Funds.

23.     Plaintiffs are informed and believe, and on that ground allege, that at all relevant times, McFadden exercised authority or control over the payment of the employee fringe benefit contributions required to be made to the Trust Funds by KM Jackson and that McFadden was a fiduciary as defined by ERISA Section 3(21), 29 U.S.C. § 1002(21), and was therefore also a party in interest as defined by  ERISA Section 3(14)(A), 29 U.S.C. § 1002(14)(A).  At all relevant times, defendant KM Jackson was an employer whose employees were covered by the Trust Funds' plans and was a party in interest within the meaning of ERISA Section 3(14)(C), 29 U.S.C. §  1002(4)(C).

24.    Plaintiffs are informed and believe, and on that ground allege, that defendant McFadden's role in KM Jackson's failure to make the employee fringe benefit contributions that became due to the Trust Funds constituted a breach of his fiduciary duties, in that he failed to act for the exclusive purpose of providing benefits to participants in the Trust Funds' plans and their beneficiaries, and instead dealt with these assets of the Trust Funds in his own interest and/or in the interest of KM Jackson.   Plaintiffs are authorized to seek relief for this breach under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2). As a result of said breaches, defendant McFadden has become indebted to plaintiffs as follows:

     a.    by  failing to report and pay all employee fringe benefit contributions into each Trust Fund for the period June 2004 in the principal amount of $1,970.64;

     b.    by failing to pay interest and liquidated damages on the unpaid and delinquent employee fringe benefit contributions;

     c.    by failing to pay liquidated damages and interest on employee fringe benefit contributions that were paid, but paid late, on Account No. 03589-07 for the period August, September, October and December 2005 in the amount of $76.93 as of May 25, 2008; and

     d.    by failing to pay liquidated damages and interest on employee fringe benefit contributions that were paid, but paid late, on Account No. 03589-00 for the period October, 2004, February, March, May, June – December, 2005, January, February, March, June, July and August, 2006 in the amount of $5,444.94 as of May 25, 2008.

The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial: (a) for unpaid contributions (not reported, not paid) in the principal amount of $1,970.64 plus interest and liquidated damages in the sum of $1,509.74 as of May 25, 2008; and (b) liquidated damages and interest on

1    contributions paid, but paid late, in the amount of $76.93 for Account No. 03589-07 and

2    $5,444.94 for Account No. 03589-00 as of May 25, 2008. Interest will continue to accrue at the

3    rate of 1.5% each month during the pendency of this lawsuit. In addition, pursuant to ERISA

4    Section 409(a), 29 U.S.C. § 1109(a), plaintiffs request that the Court grant plaintiffs such further

5    remedial relief as the court deems just and proper.

6        WHEREFORE, plaintiffs pray for judgment as follows:

7                 **VI.  RELIEF REQUESTED**

8       1.    On the First Claim for Relief, for damages for breach of the collective bargaining

9    agreement for judgment against the defendants, and each of them, (a) for unpaid contributions

10    (not reported, not paid) in the principal amount of $1,970.64 plus interest and liquidated

11    damages in the sum of $1,509.74 as of May 25, 2008; and (b) liquidated damages and interest

12    on contributions paid, but paid late, in the amount of $76.94 for Account No. 03589-07 and

13    $5,444.94 for Account No. 03589-00 as of May 25, 2008, all additional accrued interest and

14    liquidated damages, and such other or further amounts as may be shown at trial, and such other

15    or further amounts as may be shown at trial, for costs of suit, attorneys' fees and for such other

16    further relief as the Court may deem just and proper.

17       2.    On the Second Claim for Relief, for recovery under ERISA § 502(g)(2), 29 U.S.C.

18    § 1132(g)(2), for judgment against the defendants, and each of them, as follows: (a) under

19    Section 502(g)(2)(A) - for contributions not reported and not paid, an award of the unpaid fringe

20    benefit contributions in the approximate principal amount of $1,970.64, according to proof at

21    trial; (b) under Section 502(g)(2)(B) - for contributions not reported and not paid, an award of

22    interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of

23    the delinquency, until the date of judgment, calculated to be $1,359.74 as of May 25, 2008; and

24    (c) Section (g)(2)(C) - the additional award of an amount equal to the greater of (i) interest on

25    the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the

26    delinquency, until the date of judgment or liquidated damages; or (ii) liquidated damages under

27    the Master Agreement and trust agreements of $150.00 for each month that defendants failed to

28    timely report and pay all employee fringe benefit contributions into each Trust Fund, calculated

1  to be $1,359.74 as of May 25, 2008 for contributions not reported and not paid, all additional

2  accrued interest and liquidated damages, and such other or further amounts as may be shown at

3  trial, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just

4  and proper.

5      3.    On the Third Claim for Relief, for breach of fiduciary duty under ERISA § 409(a),

6  29 U.S.C. § 1109(a), for judgment against defendant Kurt Thomas McFadden, for unpaid

7  contributions (not reported, not paid) in the principal amount of $1,970.64 plus interest and

8  liquidated damages in the sum of $1,509.74 as of May 25, 2006; and (b) liquidated damages and

9  interest on contributions paid, but paid late, in the amount of $76.94 for Account No. 03589-07

10  and $5,444.94 for Account No. 03589-00 as of May 25, 2008, all additional accrued interest and

11  liquidated damages, and such other or further amounts as may be shown at trial, and such other

12  or further amounts as may be shown at trial, for costs of suit, attorneys' fees and for such other

13  further relief as the Court may deem just and proper.

14  DATED:  July 23, 2008

15                                      BULLIVANT HOUSER BAILEY PC

17                              By   _____
18                                     Ronald L. Richman

19                              Attorneys for Plaintiffs
20  10687325.1                       Cement Masons Trust Funds

COMPLAINT FOR DAMAGES

JS 44 – CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE CEMENT MASONS TRAINING TRUST FUND FOR NORTHERN CALIFORNIA | K.M. JACKSON ENGINEERING, INC., a California corporation and KURT THOMAS McFADDEN, an individual |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
        TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Ronald L. Richman, SBN 139189
Bullivant Houser Bailey PC
601 California St., Suite 1800
San Francisco, CA  94108
415-352-2700

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                   AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transfered from Another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | | ☐ 870 Taxes (US Plaintiff or Defendant | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS–Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab- Empl | ☐ 555 Prison Condition | | | |
| | ☐ 446 Amer w/ disab –Other | | | | |
| | ☐ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Breach of collective bargaining agreement; 29 USC 29 §§ 185, 1145

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P.23    DEMAND $10,283.99    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE July 24, 2008    SIGNATURE OF ATTORNEY OF RECORD
By _(signature)_

American LegalNet, Inc.
www.USCourtForms.com

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

American LegalNet, Inc.
www.USCourtForms.com